IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Barbara Ruiz, Jesse Campos, Sofia Rosario, and Terry Lopez, Plaintiffs

v.

Anna's Cafe LLC (d/b/a Anna's Gaming Cafe), Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) and Anthony Donato, individually, Defendants

## COMPLAINT

Barbara Ruiz, Jesse Campos, Sofia Rosario, and Terry Lopez (collectively "Plaintiffs"), pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), and 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL") and complains against Anna's Cafe LLC (d/b/a Anna's Gaming Cafe), Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) and Anthony Donato, individually (collectively, "Defendants"), and state:

## Introduction

1. Overtime wages are required by the FLSA and IMWL.

2. This action seeks redress for Defendants' failure to pay Plaintiffs earned overtime wages.

3. Plaintiffs are former employees of the Defendants' and were not paid their earned overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**Facts**

7. Defendants own and operate Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) in five different locations: (1) 380 West Chrysler Drive, Belvidere, Illinois 61008; (2) 2625 South Cicero Avenue, Cicero, Illinois 60804; (3) 1049 West Golf Road, Hoffman Estates, Illinois 60169; (4) 7501 West Cermak Road, North Riverside, Illinois 60546; and (5) 20 East North Avenue, Northlake, Illinois 60164. Defendants owned and operated all locations within the three years preceding the filing of this complaint.

8. Defendants own and operate Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) located at 2417 West Roosevelt Road, Broadview, Illinois 60155 within the three years preceding the filing of this complaint.

9. Mr. Donato resides in and are domiciled in this judicial district.

10. Mr. Donato is the owner of Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) and is involved in the day-to-day business operations of Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

11. Mr. Donato is the owner of Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) and is involved in the day-to-day business operations of Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

12. Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) is as an enterprise under 29 U.S.C. § 203(r)(1).

13. Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) is as an enterprise under 29 U.S.C. § 203(r)(1).

14. Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

16. Anna's Cafe LLC (d/b/a Anna's Gaming Cafe) had annual gross sales of $500,000.00 or more during the last three years.

17. Donato Restaurant Group Inc. (d/b/a Marquee Restaurant) had annual gross sales of $500,000.00 or more during the last three years.

18. Defendants were Plaintiffs' employer as defined by the FLSA and IMWL.

19. Plaintiffs were Defendants' employees as defined by the FLSA and IMWL.

20. Plaintiffs were employed by Defendants in Cook County and Boone County, which are in this judicial district.

21. Plaintiff Ruiz worked for Defendants from November 2015 to January 2017.

22. Plaintiff Campos worked for Defendants from January 2016 to October 2016.

23. Plaintiff Rosario worked for Defendants from June 2016 to January 2017.

24. Plaintiff Lopez worked for Defendants from November 2015 to February 2017.

25. Defendants paid Plaintiffs in checks throughout her employment.

26. Defendants attempted to conceal Plaintiffs' overtime hours by listing pay as "Misc pay" on Plaintiffs' paystubs.

## COUNT I: FLSA Overtime Wage Violation

27. Plaintiffs incorporate all paragraphs above as if fully restated below.

28. Plaintiffs' notices of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A, Exhibit B, Exhibit C, and Exhibit D.

29. Plaintiffs were directed by Defendants to work more than forty (40) hours per week.

30. Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty (40) hours weekly in one or more individual work weeks.

31. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

32. Plaintiffs' wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

33. Plaintiffs were not exempt from the overtime provisions of the FLSA.

34. Defendants' failure to pay overtime violated the FLSA.

35. Defendants' FLSA violation was willful.

36. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

37. Plaintiffs incorporate all paragraphs above as if fully restated below.

38. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

39. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

40. Defendants directed Plaintiffs to work more than forty (40) hours in individual work weeks.

41. Plaintiffs worked more than forty (40) hours in individual work weeks.

42. Defendants did not pay earned overtime wages to the Plaintiffs.

43. Plaintiffs were not exempt from overtime wages.

44. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's overtime wage provisions.

45. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

46. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, March 9, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiffs*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com